UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD FAINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1536 AGF |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff Bernard Fainer's Motion to Remand (Doc. #17). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff originally brought this action in the Circuit Court of the City of St. Louis, Missouri, alleging that he suffered injuries as a result of a motor vehicle accident whereby he was struck by an underinsured motorist. Plaintiff contends that the underinsured motorist's policy limits of $25,000.00, tendered to and accepted by Plaintiff, were not adequate to fully compensate him for his injuries and damages sustained as a result of the accident. Plaintiff avers that his policy of insurance with defendant State Farm Mutual Automobile Insurance Company provides underinsured motorist coverage in the amount of $100,000.00. In the instant cause of action, Plaintiff seeks to recover his damages

pursuant to this policy of insurance "in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00)." (Petn. at p. 4.) Defendant removed the cause to this Court on October 6, 2008, invoking this Court's diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(a). Plaintiff now seeks to remand the cause to State court arguing that the amount in controversy does not exceed $75,000.00.[1] Defendant has responded to Plaintiff's motion.

In his motion, Plaintiff avers, in cursory fashion, that the amount in controversy in this case, including attorney's fees and costs, is under $75,000.00. In response, Defendant contends that its "exposure" in this cause of action exceeds $75,000.00 inasmuch as the insurance policy at issue provides underinsured coverage in the amount of $100,000.00. Nevertheless, Defendant has attached to its response a proposed Stipulation proffered to Plaintiff's counsel wherein Plaintiff is invited to stipulate "that his claim as set forth in Plaintiff's Petition against Defendant does not exceed $75,000.00 exclusive of interests and costs." To date, Plaintiff has not submitted an executed Stipulation to the Court, nor has he otherwise replied to Defendant's response.

It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party. In re Bus. Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). "The amount in controversy requirement of diversity jurisdiction is strictly construed," Grmac v. Millar Elevator Co./Schindler Enters., 3 F. Supp. 2d 1082, 1083 (E.D. Mo. 1998), with all doubts about federal

---

[1]The diversity of citizenship between the parties is not in dispute.

jurisdiction to be resolved in favor of remand. Business Men's Assur., 992 F.2d at 183. Where the Petition alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); see also James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (party invoking federal jurisdiction must prove requisite amount by preponderance of the evidence).

As an initial matter, a reading of Defendant's response to the instant Motion to Remand appears to show Defendant to argue that the policy limit of $100,000.00 alone is sufficient to demonstrate that the amount in controversy in this action exceeds $75,000.00 inasmuch as such limit "exposes" Defendant to such an amount. The undersigned is aware of no rule, however, that insurance policy limits determine the amount in controversy *per se* in a diversity action. See Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment on insurance policy coverage brought in diversity). To the contrary, in actions that "involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim – not the face amount of the policy.'" Id. (quoting Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3710 (3d ed. 1998)). As explained by district court in Queen Ins. Co. of Am. v. Basham, 201

F. Supp. 733 (D. Tenn. 1962), the opposite result would render this Court's limited jurisdiction not so limited:

> If the Court followed the reasoning . . . that the jurisdictional amount is determined by the amount of coverage applicable to the claim . . . , the decision of this Court would be authority for asserting federal jurisdiction in any . . . suit involving a liability insurance policy with applicable coverage over [the requisite jurisdictional amount] no matter how small the claim actually being made."

Id. at 737 (quoted in Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3710 (3d ed. 1998)). Accordingly, the coverage limit of the insurance policy at issue here is insufficient in itself to establish that the amount in controversy exceeds the jurisdictional amount required for diversity jurisdiction. Instead, the Court must look to the substance of Plaintiff's claim.

"[T]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002); see also Hollenbeck v. Outboard Marine Corp., 201 F. Supp. 2d 990, 994 (E.D. Mo. 2001) (prayer for relief not controlling). The jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are. Kopp, 280 F.3d at 885.

In the instant cause, Plaintiff avers in his Petition that he sustained the following "serious, permanent, and disabling injuries" on account of the accident:

Plaintiff's lower extremities and hip the bones [sic], discs, joints, muscles,

> tendons, tissues, nerves, membranes, ligaments, vessels and parts thereof, were severely bruised, contused, lacerated, sprained, strained, cracked, wrenched, swollen, weakened, twisted and torn; that Plaintiff was caused to sustain a tear of tendons and ligaments and sprain and strain of the hip and the soft tissues thereof; [and] that Plaintiff suffered injuries to the body as a whole[.]

(Petn. at para. 6.)

Plaintiff further contends that he suffers and will continue to suffer "severe pain in body and mind;" that all of his injuries are progressive in nature; and that the "nature and use of all said parts and organs are severely impaired and made painful." (Id.) Plaintiff avers that he has undergone medical treatment for his injuries and will be required to undergo additional medical treatment in the future, thereby incurring medical expenses. (Id. at para. 7.)

In light of the extent to which Plaintiff's injuries are pled, including the allegations that Plaintiff will continue to incur damages for such injuries in the future, this Court cannot find, as a matter of law, that a fact finder could not legally conclude that Plaintiff's damages will not exceed $75,000.00. If a jury were to find in Plaintiff's favor on his claims as plead, the damages could reasonably exceed $75,000.00. On the information presently before the Court, therefore, the requisite jurisdictional amount in controversy has been adequately demonstrated. However, if Plaintiff were to submit an affidavit or other binding declaration that he will not seek or accept in State court more than the federal diversity jurisdictional amount, as Defendant substantially invited him to do, such a post-removal attestation would warrant remand. See Walsh v. J.B. Hunt Transport, Inc.,

20 F. Supp. 2d 1300, 1301 (E.D. Mo. 1998); Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1092 (N.D. Iowa 1999). In the absence of such attestation, diversity jurisdiction continues to lie in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #17) is **DENIED WITHOUT PREJUDICE**.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of April, 2009.